FRANK J. HENNESSY, Appellee, *vs.* CARL T. PORCH, Appellant.

*Opinion filed December 21, 1910.*

1. ELECTIONS—*contestant is not limited to mistakes alleged in petition.* The contestant in an election contest is not confined, on the re-count, to the mistakes and errors alleged in his petition, and if the court undertakes a re-count of the ballots it must count them all and declare the result according to their legal effect.

2. SAME—*when ballots are not regarded as having distinguishing marks.* Ballots upon which the imperfections in marking are apparently the result of mere inadvertence or carelessness on the part of the voter are not regarded as bearing distinguishing marks.

3. SAME—*when ballots cannot be counted.* A ballot cannot be counted for a candidate on a certain ticket where there is no cross in the square in front of his name or in the circle at the head of such ticket; nor can a ballot be counted for a candidate where lines marked upon it do not cross in the square in front of his name.

4. SAME—*when ballot should not be rejected.* A ballot properly marked for a candidate should be counted for him even though the voter has made an honest but ineffectual attempt to vote for a candidate for another office on the ticket by the erasure or writing in of a name, where it is apparent the voter did not attempt

to indicate who cast the ballot but merely to indicate his choice for the office.

5. SAME—*what must be regarded as a distinguishing mark.* Characters appearing upon the face of a ballot, even though intended as the initials of some candidate for office, do not show the choice of the voter and must be regarded as a distinguishing mark which affords a ready means of identifying the ballot.

APPEAL from the County Court of Kankakee county; the Hon. A. W. DESELM, Judge, presiding.

H. K. & H. H. WHEELER, for appellant.

SMALL, BROCK & MERRILL, and J. BERT. MILLER, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

At the election for town officers in the town of Otto, in Kankakee county, on April 5, 1910, the appellant and the appellee were candidates for supervisor, and the appellant was declared elected by a vote of 158 to 157 for his opponent. This appeal is from the order of the county court, upon a contest of the election, which declared that the appellee was elected.

The petition alleged that the appellee was elected by a majority of all the legal votes cast, but that one ballot which bore distinguishing marks and should not have been counted at all was by the mistake of the judges counted twice for the appellant, and two or three ballots which were not marked for any one for supervisor were counted for the appellant, and prayed for a re-count of all the votes cast at the election. It is insisted on the part of the appellant that the court could only reject one ballot for him on account of distinguishing marks because only one such ballot was alleged, but that it did reject four; that there was no evidence that any ballots were counted for the appellant which were not marked for any person for super-

visor, and that the court could only render a judgment on such points as were set out in the petition.

The petition alleged mistakes made in counting the ballots sufficient to change the result of the election. One method of ascertaining whether such mistakes existed was to count the ballots in court. The object of the contest of an election is to ascertain who actually received a majority of the votes, and when the court undertakes to count the ballots it will count them all correctly and declare what the ballots show on their face. It is impossible, ordinarily, for a contestant to state fully and with particularity the precise errors, and all of them, existing in the counting of the ballots of an election. When he states a case showing that errors have occurred in the counting of the ballots, and when the court undertakes to re-count them, all the ballots will be counted and the result declared according to their legal effect.

The errors argued call in question the action of the court with reference to the counting of a number of ballots. All the ballots cast at the election were counted on the hearing. There were 299 to which no objection was made, 153 of which were counted for the appellee and 146 for the appellant. Of the 16 which were objected to, 3 were counted for the appellee, 8 for the appellant and 5 were rejected, the result being that appellee received 156 votes and appellant 154. It is insisted that each one of the three ballots counted for the appellee, being Nos. 1, 2 and 6, was improperly so counted. The ballots were printed in two columns, the one on the left, headed "Caucus," having a full list of township officers except constable, for which office a blank line was left at the bottom of the ticket. The column on the right was headed "Petition," and in it appeared only the name of appellant as a candidate for supervisor, the names of the other five offices to be filled being printed with a blank line below each for writing in the name of the person voted for. J. E. O'Connor received

57 votes for assessor, G. L. Gardner 33 votes for collector and M. W. Nordmeyer 97 votes for highway commissioner, though their names did not appear upon the printed ballot. Ballot No. 1 was voted for the appellee. The objection made to it is that it bore a distinguishing mark. Parallel lines are drawn through the name of John Heeler, the caucus candidate for highway commissioner, and the name of Martin Nordmeyer is written beneath. The name of Martin Nordmeyer is also written in the blank space in the petition column under the title "For highway commissioner," and a cross is marked in each of the squares before that office. It is apparent that the voter was making an honest effort to vote for Martin Nordmeyer for highway commissioner and not attempting to indicate who voted the ballot, and whether or not he succeeded in legally indicating his choice for highway commissioner, his ballot ought not to be rejected as to a candidate for whom he did express a choice in the manner required by the statute. (*Winn* v. *Blackman,* 229 Ill. 198.) Ballot No. 2 was marked with a cross in each square of the caucus ticket. Some of the crosses have double lines. In ballot No. 6 the cross in the square opposite the name of the appellee has a third line, making a character somewhat like the letter A. This third stroke may easily have been inadvertently made. These ballots were properly counted for the appellee. *Parker* v. *Orr,* 158 Ill. 609; *Winn* v. *Blackman, supra.*

The court properly refused to count ballot No. 19 for the appellant because there was no cross in the square opposite his name or in the circle at the head of his ticket.

Ballots Nos. 10 and 15, which were rejected, should have been counted for the appellant. Objection was made to No. 10 because it had straight lines, not making distinct crosses, in the squares before the names of the candidates on the caucus ticket, which it is said constitute distinguishing marks. We regard them as careless and ineffectual attempts to express the voter's choice. Ballot No. 15 has the

name "M. W. Nordmeyer" written just above the words "For highway commissioner" under the heading "Petition," with no mark in the square opposite. We regard this as an ineffectual effort to vote for Mr. Nordmeyer and not as a distinguishing mark.

Ballot No. 4 should have been counted for the appellee. It is in the same condition as No. 15, except that the name written in is that of Mr. Gardner and is written on the caucus ticket.

Ballot No. 8 was properly marked as a vote for appellant but was properly rejected by the court on account of the characters appearing on its face, which constitute a distinguishing mark. These characters are said by the appellant to be the initials "J. E. O." of J. E. O'Connor, who received 57 votes for assessor. They may as well be the initials of the voter himself as of a candidate. Whether the characters were intended to represent those letters or not is very uncertain, but if so, they have no tendency to indicate in any legal way the choice of the voter among the candidates. The voter has not attempted to write in the name of a candidate and the characters constitute a ready means of identifying his ballot.

Ballots Nos. 7 and 18, which were counted for the appellant, should have been rejected because the lines upon them do not cross in the square in front of his name. *Parker* v. *Orr, supra; Winn* v. *Blackman, supra.*

To the 153 votes counted for the appellee without objection should be added ballots Nos. 1, 2, 4 and 6, making his total vote 157. To the 146 votes counted for the appellant without objection should be added ballots Nos. 10 and 15 and the 8 ballots counted for him by the court, except Nos. 7 and 18, making his total vote 154.

The judgment of the county court will therefore be affirmed.

*Judgment affirmed.*